MARMORSTEIN, Respondent, v. PENNSYLVANIA R. CO., Appellant. (City Court of New York, General Term. March 19, 1895.) Action by Jacob Marmorstein against the Pennsylvania Railroad Company. Robinson, Biddle & Ward, for appellant. Alfred B. Jaworower, for respondent.

EHRLICH, C. J. We hold that, on the evidence adduced, and the finding based upon it, the defendant, as a common carrier, became liable for the delivery of the baggage at the place of final destination, and that delivery at St. Louis, to the connecting carrier, did not relieve it from responsibility. The judgment must therefore be affirmed, with costs.

MERTENS v. MARZLUFF. (Supreme Court, General Term, Third Department. February 12, 1895.) Action by Jacob M. Mertens against John B. Marzluff. No opinion. Order affirmed, with $10 costs and printing and other disbursements.

MILLER et al., Appellants, v. LARMER, Respondent. (Supreme Court, General Term, First Department. March 15, 1895.) Action by George W. Miller and others, executors, against William J. Larmer. A. B. Cruikshank, for appellants. A. A. Spear, for respondent.

PER CURIAM. The appellants, not having served or filed exceptions to the decision of the special term, are not in a position to challenge the findings of fact or the conclusions of law. The exceptions taken by the appellants to the reception and exclusion of evidence were not argued at the bar of this court, nor on their brief, and, besides, none of them are tenable. The judgment should be affirmed, with costs.

MULDOON v. CANAVELLO. (Supreme Court, General Term, Second Department. February 11, 1895.) Action by Muldoon against Canavello. J. C. & H. C. Smith & Koepke, for appellant. George V. Brower, for respondent.

DYKMAN, J. This action was brought to foreclose a mechanic's lien. There has been a trial before a justice of this court without a jury, and the plaintiff has obtained a judgment, from which the defendant has appealed. The lien was for labor performed in the excavation of a cellar. The services and their value were undisputed, and the question upon which the decision of the case depended was whether the work was done for the defendant or not. The testimony made it plain that the arrangement made by the defendant with the plaintiff was an original undertaking, and rendered him liable for the work done. The findings of the trial judge are all well supported, and the judgment should be affirmed, with costs.

In re NASSAU ELECTRIC R. CO. (Supreme Court, General Term, Second Department. March 5, 1895.) John J. Allen and James C. Church, for petitioner. John A. Taylor, for property owners in South Fifth and South Eighth streets.

DYKMAN, J. This is a motion to confirm the report of commissioners appointed by the general term of this court to determine whether the railroad of the petitioner should be constructed and operated. 30 N. Y. Supp. 1133. The action of the commissioners is to stand in lieu of the consent of the property owners. The Nassau Electric Railroad Company is a corporation organized for the purpose of constructing and operating a street surface railroad in the city of Brooklyn and the adjoining towns. Having failed to obtain the requisite consents of landowners upon certain streets through which the railroad was projected, an application was made to the general term of the supreme court for the appointment of commissioners, pursuant to the railroad law, as amended by chapter 676 of the Laws of 1892. The commissioners were appointed, and they have performed their duties, and made their report. Aside from some general objections to the location and operation of this railroad along South Fifth street and South Eighth street, which this court cannot obviate, because the legislature has conferred the right to so locate the road, the opponents to confirmation base their opposition here upon errors committed by the commissioners in excluding testimony offered upon the hearing before them. We have examined with care all the questions presented by the exceptions of the opponents, and we deem it sufficient to say that they present no errors of law. The report should be confirmed, with costs.

NILES, Respondent, v. JOHNSON et al., Appellants. (Supreme Court, General Term, Third Department. February 12, 1895.) Action by Stephen H. Niles against Henry N. Johnson and Sarah A. Johnson. No opinion. Judgment affirmed, with costs.